| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re<br><br>TRI HARBOR HOLDINGS CORPORATION, *et al.*,<br><br>　　　　　　　　　　Debtors. | Case No.: 19-xxxxx (VFP)<br><br>Chapter: 11 |
| KAVOD PHARMACEUTICALS LLC (*f/k/a* RISING PHARMACEUTICALS, LLC, *f/k/a* RISING PHARMACEUTICALS, INC.) and TRI HARBOR HOLDINGS CORPORATION (*f/k/a* ACETO CORPORATION),<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SIGMAPHARM LABORATORIES, LLC,<br><br>　　　　　　　　　　Defendant. | Adv. Pro. No.: 19-2053 (VFP)<br><br>Judge Vincent F. Papalia |

Order Filed on March 4, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**OPINION AND ORDER ON MOTION
TO COMPEL PRODUCTION OF UNREDACTED NOTES**

The relief set forth on pages twelve through fifteen (12-15) is hereby **ORDERED**.

**DATED: March 4, 2022**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**Honorable Vincent F. Papalia
　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge**

This matter came before the Court on the Motion filed by Sigmapharm Laboratories, LLC ("Sigmapharm") against the two Liquidating Debtors that are Plaintiffs in this adversary proceeding (collectively, the "Debtors" or "Plaintiffs"). The Motion seeks to compel the production of certain unredacted notes taken by Plaintiffs' forensic accounting expert, Alvarez & Marsal ("A&M") (the "Privilege Motion"). More specifically, the Motion asks the Court to require Plaintiffs to produce an unredacted version of the eighteen pages of A&M notes that are Bates-stamped RISING_SP_00092538 through RISING_SP_00092555, including "unredacted native versions of the notes, with complete metadata" (the "A&M Notes" or the "Notes").[1]

The Privilege Motion was filed by Sigmapharm on February 14, 2022 with a March 1, 2022 return date, at the same time Plaintiffs filed a motion to compel Sigmapharm to supplement its response to Interrogatory No. 7 propounded by Plaintiffs (the "Sales Information Motion"). That Interrogatory required Sigmapharm to set forth its revenues and profits (gross and net) generated from Third Party Sales under the June 22, 2006 Master Product and Collaboration Agreement between the parties (the "Agreement") after its termination by Sigmapharm.[2] This expedited schedule for both Motions was set by the Court at the request of the parties so as to meet the March 8, 2022 deadline for expert discovery under the parties' December 22, 2021 *Fourth Supplemental Joint Order Scheduling Pretrial Proceedings*.[3] For each Motion, the nonmoving party filed an objection, and the movant, a reply.

I. **JURISDICTIONAL STATEMENT**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Orders of Reference entered by the United States District Court on July 10, 1984 and amended on

---

[1] Sigma Appl., Proposed Order, at 2, Ex. 1, Dkt. No. 82.
[2] The Sales Information Motion was separately heard and decided by the Court on the same March 1, 2022 return date and is being granted by separate Order for the reasons set forth on the record on March 1, 2022. Db. Appl. ¶ 7 n.5, Dkt. No. 81-1.
[3] Dec. 22, 2021 JSO, Dkt. No. 78; Feb. 14, 2022 Scheduling Letter, Dkt. No. 80. The parties appear to have agreed to briefly extend the March 8, 2022 deadline to allow for depositions a week or so later.

September 18, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this Court under 28 U.S.C. § 1408. The Court issues the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

## II. STATEMENT OF RELEVANT FACTS

The Debtors filed their voluntary Chapter 11 petitions on February 19, 2019 and sold substantially all their assets within approximately three months of the petition date. The Debtors also confirmed their Liquidating Plan by Order entered on September 18, 2019.[4]

On July 18, 2019, the Debtors filed a nine-count Adversary Proceeding to address their contractual dispute with Sigmapharm under the Agreement identified above and Sigmapharm filed various counterclaims. By Opinion entered on October 5, 2021 and Order entered on October 6, 2021, the Court (i) granted in part and denied in part Debtors' motion for summary judgment; and (ii) denied Sigmapharm's motion for summary judgment. As part of its ruling, the Court determined that Sigmapharm unlawfully terminated the June 22, 2006 Agreement by serving Debtor with a December 16, 2016 Notice of Breach and a March 23, 2018 Notice of Termination that did not comply with requirements for notice of breach and termination under that Agreement.[5] Pursuant to a December 22, 2021 Joint Scheduling Order, expert discovery ends on March 8, 2022, with a status conference to follow on March 15, 2022.[6]

---

[4] Sept. 18, 2019 Confirmation Order and Plan § 1.111 (Shore Suven closing date), Main Dkt. No. 996.
[5] *Tri Harbor v. Sigmapharm*, 2021 WL 4877265, at *45 (Bankr. D.N.J. Oct. 5, 2021).
[6] Dec. 22, 2021 JSO, Dkt. No. 78.

3

### III. THE PRIVILEGE MOTION

A&M was engaged by Plaintiffs' Counsel to, among other things, "quantify the lost profits on sales" under the Agreement.[7] A&M generated (and Sigmapharm has reproduced as Exhibits) three extensive reports as a result of its engagement by Debtor that were signed by Laureen Ryan, one of A&M's Managing Directors. Those reports, as identified below, were included (under seal) as Exhibits to Sigmapharm's Privilege Motion.

Exhibit 3    Expert Report (April 2, 2021)

Exhibit 4    Plaintiff's Submission Pursuant to the Court's Order on Sigmapharm Laboratories, LLC's Motion to Enforce the Audit Requirements of the Agreement (August 5, 2021)

Exhibit 5    Rebuttal Expert Report (January 6, 2022).[8]

By Sigmapharm's count, which was not challenged by the Debtors, there are twenty-six occasions in these reports in which A&M based its conclusion solely (or primarily) on Ms. Ryan's conversations with an employee (or former employee) of Debtors (twenty-two times with Eugene Hughes; three times with Rajiv Hazaray; and one with Counsel and other employees about obtaining documents from third parties).[9] Debtors and A&M, based presumably on their obligation to produce not only "a complete statement of all opinions the witness will express and the basis and reasons for them" under Fed. R. Civ. P. 26(a)(2)(B)(i), but also "the facts or data considered by the witness in forming them" under Fed. R. Civ. P. 26(a)(2)(B)(ii), produced to Sigmapharm eighteen typed pages of partially redacted Notes divided into four sections. Those Notes are Bates-stamped RISING_SP_00092538 through RISING_SP_00092555 (and have been previously defined as the "A&M Notes" or the "Notes").[10] The four subsections are:

---

[7] Sigma Appl., Apr. 2, 2021 Report of Laureen M. Ryan, Ex. 3, Dkt. No. 82.
[8] Sigma Appl., A&M Reports, Exs. 3, 4, 5, Dkt. No. 82.
[9] Sigma Appl. ¶¶ 14, 17, Dkt. No. 82.
[10] Sigma Appl., A&M Notes, Ex. 2, Dkt. No. 82.

4

(i) Agenda for Discussion with E. Hughes Regarding Audit (Bates 92538-92540);

(ii) Notes from Call with Rajiv Hazaray (Bates 92451-92543);[11]

(iii) Notes from call with Eugene Hughes and A&M team on 6/17/2020 (Bates 92544-92549), which were not redacted according to Plaintiffs; and

(iv) Audit Package II Review (Bates 92550-92555).[12]

Plaintiffs initially redacted material from a total of eleven pages in sections (i), (ii) and (iv) only, but subsequently produced the notes of the call with Mr. Hazaray in unredacted form, as noted below.[13] All eighteen pages have the subheading "attorney work" or "attorney work product." Sigmapharm argues that:

(i) Fed. R. Civ. P. 26(a) and (b) do not permit redaction of the Notes since they were considered and expressly relied upon by A&M in preparing its Reports; and

(ii) Debtors and A&M waived any privilege attached to these communications when Ms. Ryan relied on them to produce A&M's Reports.[14]

In addition to receiving unredacted versions, Sigmapharm also seeks native Notes and metadata to determine, among other things, who worked on the Reports.[15]

Debtors provided Sigmapharm with the Redaction and Privilege Log that characterizes all the redacted elements as "prepared during pending litigation" and specifically protected as attorney work product and attorney-client privileged.[16] Debtors argue that all the material that they have withheld is protected under Fed. R. Civ. P. 26(b)(3)(A) or (B).[17] Debtors further argue that Sigmapharm misconstrues Fed. R. Civ. P. 26(b)(4)(C), which protects communications between expert and counsel, except, under Rule 26(b)(4)(C)(ii), as to facts or data that counsel "provided

---

[11] Immediately after filing their objection to the Privilege Motion, Plaintiffs produced the Hazaray notes (Bates 92451-92453) (item (ii)) to Sigmapharm without redaction. Sigmapharm Reply, 8-9, Dkt. No. 89. Thus, these notes are no longer at issue on this Motion.
[12] Sigma Appl., A&M Notes, Ex. 2, Dkt. No. 82.
[13] Sigma Appl., A&M Notes, Ex. 2, Dkt. No. 82. See n.11 supra.
[14] Sigma Appl. ¶¶ 22-32, Dkt. No. 82.
[15] Sigma Appl. ¶ 34 n.7, Dkt. No. 82.
[16] Db. Obj., Privilege Log, Ex. A, Dkt. No. 84.
[17] Db. Obj. ¶ 15, Dkt No. 84.

and that the expert considered in forming the opinions to be expressed."[18] Debtors also rely on the continued vitality of two Third Circuit cases that describe the importance of protecting attorney work product, notwithstanding the relatively liberal standards governing expert discovery. *See Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 589-91, 593-94 (3d Cir. 1984) (under Rule 26(b)(3), documents that revealed legal theory of counsel were not discoverable, even though counsel had discussed them with counsel's expert) and *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003) (reiterating that Fed. R. Civ. P. 26(b)(4), which addresses discovery of expert-related materials, cannot be used to undermine Fed. R. Civ. P. 26(b)(3), which addresses protection of attorney-generated materials).

Debtors further argue that the 2010 amendments to the Federal Rules narrowed Fed. R. Civ. P. 26(b)(4) to refocus and limit expert discovery to "facts or data" in order to protect the disclosure of an attorney's mental impressions or "core" work product. *In re Benicar Prod. Liab. Litig.*, 319 F.R.D. 139, 140-41 (D.N.J. 2017).[19] The *Cendant* and *Bogosian* Third Circuit cases and many of the others cited by the parties also emphasize the high degree of protection provided to "core" work product. *In re Cendant*, 343 F.3d at 663, 666-67 (protection afforded "core" work product is "near absolute," citing cases); *In re Bogosian*, 738 F.2d at 593, 595-96 ("special protection" for work product); *In re Teleglobe Comm. Corp.*, 392 B.R. 561, 575-77 (Bankr. D. Del. 2008) (recognizing that *In re Cendant* and *In re Bogosian* are still good law after the 2010 Amendment to Rule 26 and reiterating that "information which is protected by the attorney work product doctrine need not be disclosed even if it has been provided to a testifying expert." *Id.* at 575); *Fialkowski v. Perry*, 2012 WL 2527020, at *4 (E.D. Pa. June 29, 2012) ("the purpose of

---

[18] Db. Obj. ¶¶ 18-20, Dkt. No. 84.
[19] Db. Obj. ¶ 26, Dkt. No. 84.

amending Rule 26 in 2010 was to limit disclosure to materials of a factual nature and to protect against disclosure of *counsel's* work product") (emphasis in original).

Many of these cases also note that the line between facts and data and opinions or "core" work product can be blurred at times and that an *in camera* review is often the appropriate and necessary way to address and properly protect the rights of all parties as to expert material that is asserted to be privileged. *In re Bogosian*, 738 F.2d at 595 (*in camera* review needed so that a party cannot shield facts from disclosure by combining them with work product). *See also Damgaard v. Avera Health*, 2015 WL 4993701, at *3-*5 (D. Minn. June 18, 2015), *aff'd* 2015 WL 12828121 (D. Minn. July 20, 2015) (the Court directing *in camera* review of documents subject to dispute about whether they were "core work product"); *Carroll Co. v. Sherwin-Williams Co.*, 2012 WL 4846167, at *4-*5 (D. Md. Oct. 10, 2012) (the Court, after upholding defendant's claim of work product privilege based on review of privilege log, offered *in camera* review of the documents if plaintiff were dissatisfied with the Court's ruling); *Picken v. Louisville Ladder Inc.*, 2013 WL 12182395, at *2-*3 (E.D. Mich. Sept. 26, 2013) (after *in camera* review, court determined that communications between counsel and his experts "involve core opinion work product that is not subject to disclosure").

As to Sigmapharm's demand for the A&M Notes in native format and metadata, Plaintiffs assert that they gave Sigmapharm "TIFF images with load files containing the metadata"; that Sigmapharm's inability to access it arose from "lack[ of] common e-discovery software"; and that Sigmapharm's conversion of documents to PDF would have stripped metadata.[20]  Debtors  deny cropping or concealing anything in certain screen shots, which it sent Sigmapharm and which Sigmapharm just advised in this Motion that it could not fully access.[21] In short, Debtors do not

---

[20] Db. Obj. ¶¶ 35-42, Dkt. No. 84.
[21] Db. Obj. ¶ 42, Dkt. No. 84; Sigma Appl. ¶ 34 n.7; Exs. 7, 8, Dkt. No. 82.

object to producing the Notes in native format and with metadata, except to the extent that the production would disclose privileged information. In that circumstance, Debtors indicated they are willing to produce the metadata (and any other similar information) in a manner that would not also disclose the privileged information.

In its reply, Sigmapharm reported that Debtors, immediately after filing their objection, sent Sigmapharm the unredacted "Notes from Call with Rajiv Hazaray" (Bates 92541-92543), as noted above.[22] Sigmapharm also reasserted its arguments that once any communications or materials are provided to an expert, even if they involve counsel's mental impressions, opinions or legal theories, they are discoverable under Fed. R. Civ. P. 26(b) and any applicable privilege is waived as they have been "considered" by the expert. Sigmapharm also argues that the notes were prepared by A&M, rather than counsel, and therefore are not, by definition, attorney work product.[23] Finally, Sigmapharm deems the recent "unredaction" of Mr. Hazaray's notes an indication that none of the remaining undisclosed material is protected.[24]

## IV.   LEGAL ANALYSIS

Fed. R. Civ. P. 26(b) describes the scope and limits of factual and expert discovery. Sigmapharm's demand for material redacted from several pages of a sequence of eighteen Bates-stamped pages of notes generated by Debtors' expert, A&M, invokes the sometimes complicated interplay between Fed. R. Civ. P. 26(b)(3) (general protection of material prepared in

---

[22] Sigma Reply, A&M Notes, Ex. 2, Dkt. No. 89 (Sigma reprints the redacted version at Ex. 1).

[23] In this regard, Sigmapharm also argues that none of the cases cited by Plaintiffs holds that notes of legal counsel's impressions or analysis taken by a third party (such as an expert) are protected. While that is true, no case cited holds that the fact that the notes or materials were taken or provided by a third party makes them automatically discoverable. Instead, and more importantly, this Court determines that the key issues are whether the materials: (i) constitute facts or data; (ii) were considered by the expert (whether utilized or not); (iii) identify assumptions by the attorney that the expert relied upon; or (iv) constitute exclusively the mental impressions, conclusions, opinions or legal theories of counsel.

[24] Sigma Reply, at 1-2, Dkt. No. 89.

anticipation of litigation) and Fed. R. Civ. P. 26(b)(4) (more limited protection of material related to experts). The most relevant sections under Fed. R. Civ. P. 26(b) are:

**(3) Trial Preparation: Materials.**

(A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. . . .

(B) Protection Against Disclosure. If the court orders discovery of those materials, <u>it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation</u>. . . .

**(4) Trial Preparation: Experts**.

(A) Deposition of an Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

(B) Trial-Preparation Protection for Draft Reports or Disclosures. Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

(C) Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

(i) relate to compensation for the expert's study or testimony;

(ii) <u>identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed;</u> or

(iii) <u>identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.</u>

Fed. R. Civ. P. 26(b)(3) and (4) (emphases supplied).

The exceptions set forth in Rule 26(b)(4)(C)(ii) and (iii) apply to facts, data or assumptions that were provided by the party's attorney and that the expert considered (facts or data) and/or relied upon (assumptions) in forming his or her opinion. *See Beachfront N. Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 2015 WL 4663429, at *3 (D.N.J. Aug. 5, 2015)[25] and *In re Benicar (Olmesartan) Prod. Liab. Litig.*, 319 F.R.D. 139, 140 (D.N.J. 2017) ("*Benicar*"). In *Benicar*, the Court cited the Advisory Committee Note to the amendment of Rule 26 in year 2010 for the twin premises that: (i) "[t]he refocus of disclosure on 'facts or data' is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel" and (ii) "facts or data" may be "interpreted broadly" to include "any material considered by the expert, from whatever source" and whether or not ultimately relied upon. *In re Benicar*, 319 F.R.D. at 140 (emphases supplied). In *Benicar*, the Court required plaintiffs' experts to disclose patient medical records that they had considered in formulating their opinion about the effect of a drug, regardless of how they had obtained those records. *Id.* at 140-41. In *Benicar* and in many other cases addressing this issue, the Courts often focus on the moving party's need for the materials reviewed by the expert (whether or not relied upon) for purposes of substance, cross-examination and determining credibility. *In re Benicar*, 319 F.R.D. at 141; *Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, 840 F. Supp. 2d 1072, 1080 (N.D. Ill. 2012) (facts and data that expert saw but did not use "'often contain effective ammunition for cross-examination'"); *Johnson v. City of Rockford*, 2018 WL 1508482, at *2 (N.D. Ill. Mar. 27, 2018) (internal citation omitted) (same).

---

[25] The Court in *Beachfront* observed:
> To be clear, however, not all privileged communications between counsel and their consultants must be produced. If the consultants did not consider privileged information to prepare their reports, the information does not have to be produced. If the consultants considered privileged information to prepare their reports, the information must be produced.

*Beachfront*, 2015 WL 4663429, at *3.

The preamble to Fed. R. Civ. P. 26(b)(4), by cross-reference to Rules 26(b)(3)(A) and (B), continues to protect communications (in any format) between a party's attorney and a party's witness. *Damgaard,* 2015 WL 4993701, at *5 (permitting comments of a paralegal to be redacted from medical records and a time-line chart generated by the paralegal but not allowing the party to withhold the time-line chart itself). However, the Court in *Damgaard* also observed:

> "[D]iscussions with counsel about the 'potential relevance of facts or data' and more general discussions 'about hypotheticals, or exploring possibilities based on hypothetical facts' are protected. Thus, materials containing 'factual ingredients' are discoverable, while opinion work product is not discoverable."

*Damgaard*, 2015 WL 4993701, at *5 (quoting *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 (9th Cir. 2014), which in turn quoted the Advisory Committee note to the amendment to Rule 26 in year 2010, *supra*).

The intensity and effect of these rules were also discussed in *James River Ins. Co. v. Interlachen Propertyowners Ass'n*, 2015 WL 9946407, at *2-*3 (D. Minn. Dec. 21, 2015), *aff'd* 2016 WL 386032 (Feb. 1, 2016). There, the plaintiff-insurance carrier (which resisted coverage on the grounds that a settlement that defendant-homeowners had reached with a third party in an underlying case was collusive) sought production of two documents on which the defendants' expert had relied. Both documents related to communication from counsel to its defendant-client (one labeled notes for meeting, and the other, agenda, much like the A&M Notes at issue here). Defendant's expert testified that he had "skimmed" these documents; denied having relied on facts in them to form his opinion; and Defendant declined to produce them as protected attorney-client work product. *Id.* at *3. The Court determined that the expert's "skimming" counted as "consideration" under Fed. R. Civ. P. 26(b)(4)(C)(ii) and that "the mere fact that [expert] did not rely on those documents in formulating his expert opinion does not excuse [d]efendants from producing them." *Id*. at *6. However, the Court also found that the documents could potentially

11

be protected as either (i) attorney-client privileged, or (ii) attorney work-product under Fed. R. Civ. P. 26(b)(4)(C). *Id.* Upon further consideration, the Court concluded: (i) that counsel waived attorney-client privilege by voluntarily producing these documents to his expert; but (ii) that counsel did not waive work-product privilege (relying on the Advisory Committee's 2010 note). Ultimately, the Court required defendants to produce the two documents, after scrubbing mental impressions, trial strategy and the like from the first document and to produce the second in full, which the Court found contained no such privileged work product *James River*, 2015 WL 9946407, at *6-*7.

In considering and attempting to harmonize these principles, the Court believes that Sigmapharm somewhat overstates the exceptions to the protection of expert material under Fed. R. Civ. P. 26(b)(4)(C) when its argues the "attorney-client privileged and/or work product doctrine are waived when any material is considered by the expert in forming her opinions."[26] While the disclosure of information to the expert may result in a waiver of either or both the attorney-client and work-product privileges, the Court is nonetheless required to carefully analyze the assertedly privileged materials to determine whether it is facts or data that is being considered by the expert or assumptions provided by the party's attorney and relied upon by the expert (in which cases it is discoverable), Fed. R. Civ. P. 26(b)(4)(C)(ii) and (iii), or the attorney's legal impressions, conclusions and opinions, i.e., "core" work product (in which case it is generally not) Fed. R. Civ. P. 26(b)(3)(B). To make that determination in a manner that will best ensure that "core" work product is properly protected, the Court will follow the lead of *Bogosian* and *Cendant* (and other cases) and conduct an *in camera* review of the redacted A&M Notes to determine whether they should be produced as falling within any of the exceptions of Fed. R. Civ. P. 26(b)(4)(C). Accordingly, at the March 1, 2022 hearing, the Court directed Plaintiffs to immediately provide to

---

[26] Sigma Appl. ¶ 12, Dkt. No. 82.

the Court for its *in camera* review an unredacted version of the A&M Notes at issue. Those unredacted Notes were quickly provided and now have been reviewed by the Court.

On the basis of that review and application of legal principles cited above, the Court will grant Sigmapharm's motion in part and deny it in part as to the specific redactions at issue for the reasons identified in the chart below. To the extent production and "unredaction" are ordered, Plaintiffs must produce the unredacted version of the Notes in "native" format, with metadata and any related similar information, within three (3) business days of entry of this Order, subject to the qualifications noted below and discussed on the record with counsel for both Plaintiffs and Sigmapharm at the March 1, 2022 hearing.

| Bates No.[27] | Ruling | Reason(s) |
| --- | --- | --- |
| 00092538 | Must be produced in unredacted, native form, with metadata. | Reflects facts or data considered by expert. Data provided or to be provided by nonattorney (Hughes). No legal theories, mental impressions, conclusions or opinions involved. |
| 00092550 | Must be produced in unredacted, native form, with metadata. | Reflects facts or data provided or to be provided to and considered by expert. No legal theories, mental impressions, conclusions or opinions involved. |
| 00092553 (1st redaction) | Must be produced in unredacted, native form, with metadata, but without revealing other protected material on this page. | Reflects statement of nonattorney (as well as attorney). Reflects facts, data and/or assumptions that were considered and/or relied upon by expert. |
| 00092553 (2nd redaction) | Must be produced in unredacted, native form, with metadata, but without revealing other protected material on this page. | Reflects discussions between nonattorneys and attorneys as to assumptions or "benchmark" to be utilized in Report. Reflects facts, data and/or assumptions that were considered and/or relied upon by expert. |

---

[27] All Bates numbers refer to RISING_SP_documents.

| Bates No.[27] | Ruling | Reason(s) |
|---|---|---|
| 00092553 (3rd redaction) | May remain redacted. | Reflects legal opinion, mental impressions and legal conclusion of counsel. |
| 00092554 (1st redaction) | May remain redacted in part and must be produced/unredacted in part; production/unredaction begins with word "is" through the end of the sentence. Production to be made without revealing other protected material on this page. | Redacted portion reflects legal opinion and/or mental impressions of counsel; unredacted portion reflects assumption provided by attorney and at least potentially relied upon by expert. |
| 00092554 (2nd redaction) | May remain redacted in part and must be produced unredacted in part; production/unredaction begins with "A&M" through the end of the sentence. Production to be made without revealing other protected material on this page. | Redacted portion reflects legal opinion and/or mental impressions of counsel; unredacted portion is not attorney work product and is not attorney-client communication for purpose of providing legal advice. |
| 00092555 | May remain redacted in part and must be produced unredacted in part; production/unredaction begins with word "A&M" through "inclusion." Remainder of sentence may remain redacted. Production to be made without revealing other protected material on this page. | Redacted portion reflects legal opinion and/or mental impressions of counsel; unredacted portion is not attorney work product and is not attorney-client communication for purpose of providing legal advice. |

In each instance, the unredacted notes or portions thereof that are ordered to be produced must be produced in native format, with metadata and any related similar information, except to the extent production in that manner may also reveal privileged information that has been properly redacted. In those instances, Plaintiffs must produce the unredacted notes in a manner (e.g., uncropped)

that allows Sigmapharm to review and analyze them in the same or a substantially similar manner as if they had been produced in native format with metadata, to the greatest extent possible.

    **IT IS SO ORDERED**.