FILED
Jeanne A. Naughton, CLERK
NOVEMBER    22, 2022
United States Bankruptcy Court
Newark, NJ
By: *Juan Filgueiras, Deputy*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re<br><br>TRI HARBOR HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtor. | Case No.:   19-13448 (VFP)<br><br>Chapter:    11 |
| KAVOD PHARMACEUTICALS LLC (*f/k/a* RISING PHARMACEUTICALS, LLC, *f/k/a* RISING PHARMACEUTICALS, INC.) and TRI HARBOR HOLDINGS CORPORATION (*f/k/a* ACETO CORPORATION),<br><br>Plaintiffs,<br><br>v.<br><br>SIGMAPHARM LABORATORIES, LLC,<br><br>Defendant. | Adv. Pro. No.: 19-2053 (VFP)<br><br>Judge Vincent F. Papalia |

**MEMORANDUM OPINION DENYING WITHOUT PREJUDICE SIGMAPHARM'S IN LIMINE MOTION TO EXCLUDE DOCUMENTS CREATED BY PLAINTIFFS POST-LITIGATION**

**LOWENSTEIN SANDLER LLP**
**Attorneys for Plaintiffs, Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) and Tri Harbor Holdings Corporation (*f/k/a* Aceto Corporation)**
Reynold Lambert, Esq.
Wojciech F. Jung, Esq.
Gavin J. Rooney, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068

**ELLIOTT GREENLEAF, P.C.**
**Attorneys for Defendant,**
**Sigmapharm Laboratories, LLC**
Henry F. Siedzikowski, Esq.
Andrew Estepani, Esq.
Timothy Myers, Esq.
Elliott Greenleaf, P.C.
925 Harvest Drive, Ste. 300
Blue Bell, PA 19422

---

[1] The Liquidating Debtors in the chapter 11 cases and the last four digits of each Liquidating Debtor's taxpayer identification number are as follows: Tri Harbor Holdings Corporation (f/k/a Aceto Corporation) (0520); Tri Harbor Chemical Holdings LLC (f/k/a Aceto Agricultural Chemicals LLC, f/k/a Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (f/k/a Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (f/k/a Rising Pharmaceuticals, LLC, f/k/a Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (f/k/a Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (f/k/a PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

**HONORABLE VINCENT F. PAPALIA**
**United States Bankruptcy Judge**

## I. INTRODUCTION

This matter comes before the Court on the *in limine* motion (the "Motion") filed by Sigmapharm Laboratories, LLC ("Sigmapharm") to preclude plaintiffs, Kavod Pharmaceuticals LLC, f/k/a Rising Pharmaceuticals, LLC f/k/a Rising Pharmaceuticals, Inc. ("Rising"), and Tri Harbor Holdings Corp., f/k/a Aceto Corporation ("Aceto") (collectively, the "Plaintiffs"), which are two of the nine jointly administered Debtor-entities, from introducing at trial certain documents related to accountings or to accounting controls that were created by Plaintiffs, according to Sigmapharm, after the commencement of litigation. The Plaintiffs have filed an objection, and Sigmapharm, a reply. Each party filed its submission(s) over the uncertified statement of Counsel and in a timely manner according to the deadlines established in the July 22, 2022 Sixth Supplemental Joint Scheduling Order.[2] Although the Notice of Motion seeks to "preclude[e] documents Rising-Aceto created post-litigation," the sole decretal paragraph of Sigmapharm's proposed Order seeks narrower relief:

> It is hereby **ORDERED** that Sigmapharm's Motion *In Limine* To Preclude Documents Rising-Aceto Created Post-Litigation is **GRANTED.** Rising-Aceto is precluded from presenting and/or admitting evidence of spreadsheets created or edited after March 23, 2018.[3]

## II. JURISDICTIONAL STATEMENT

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Orders of Reference entered by the United States District Court on July 10, 1984 and amended on September 18, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) [claims allowance] and (O). In addition, a Bankruptcy Court has "jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v.* Bailey, 557 U.S. 137, 151 (2009) (in that case, a

---

[2] July 22, 2022 Sixth Supplemental JSO, Dkt. No. 111.
[3] Aug. 12, 2022 Form Order, at 2, Dkt. No. 119-1.

2

Confirmation Order entered ten (10) years earlier). Venue is proper in this Court under 28 U.S.C. § 1408. The court issues the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

### III. STATEMENT OF RELEVANT FACTS AND ARGUMENTS OF PARTIES

Sigmapharm's Counsel objects to Plaintiffs' introduction at trial of several documents on Plaintiffs' Trial Exhibit List.[4] Sigmapharm does not precisely name all the documents it seeks to exclude but identifies each by Bates number. Sigmapharm describes the documents to which it objects as "either created or revised after the commencement of this litigation in March 2018."[5] That date refers to the Complaint that Sigmapharm filed against Rising and Aceto on March 23, 2018 in United States District Court, Eastern District of Pennsylvania, Dkt. No. 2:18-cv-1238.[6] Sigmapharm describes the documents in the preamble to its Motion as:

(i)  "a document which purports to list various 'controls' within [Plaintiffs'] accounting processes." Sigmapharm identifies this document only as "created in June 2018 and last edited in 2018" (the "Controls Document"); and

(ii) a sequence of "large Excel spreadsheets" identified as "includ[ing], but . . . not limited to":

RISING_SP_00068638
RISING_SP_00090833
RISING_SP_00049250
RISING_SP_00085208
RISING_SP_0000002
RISING_SP_0000003
RISING_SP_00000089

(the "Spreadsheets").[7]

---

[4] Sigmapharm Br., at 1, Dkt. No. 119.
[5] Sigmapharm Br., at 1, Dkt. No. 119.
[6] Aug. 19, 2019 Answer and Counterclaim, Mar. 23, 2018 Compl., Ex. A, Dkt. No. 5.
[7] Sigmapharm Br., at 1 n.2; and at 3, Dkt. No. 119.

Sigmapharm states that the Controls Document is included in the first above-listed document ending in 68638 and is particularly untrustworthy because:

> three national accounting firms, Aceto's internal auditors, and the SEC found countless deficiencies in Rising-Aceto's financial controls. In fact, BDO withdrew its unqualified opinion concerning Rising-Aceto's reported financials because of the lack of internal controls.[8]

In its reply, Sigmapharm characterizes the spreadsheets as, "a mix of inputted data purporting to be 'actual' transactions and litigation damage theories" that Plaintiffs seek to use to "validate" or to "rubberstamp" their own accounting.[9]

By matching the Bates numbers above to the Exhibit numbers found in Plaintiffs' Exhibit List that Plaintiffs submitted to chambers in anticipation of trial, the Court has identified the above documents as follows (the Exhibit numbers, dates and document names are those found in Plaintiff's Exhibit List):

| Sigma Reference | Ex. No. | Date | Title |
| --- | --- | --- | --- |
| RISING_SP_00068638 | PX 1552 | 06/29/18 | RPI Controls PBC and sample selection |
| RISING_SP_00090833 | PX 1688 | 01/24/19 | Government Rebates Reserve Q2 2019 Spreadsheet |
| RISING_SP_00049250 | PX 1690 | 02/25/19 | Rising Acetris TB June 2018 – Jan 2019 (2-25-19) Review.xlsx |
| RISING_SP_00085208 | PX 1691 | 01/31/19 | Sales Returns Reserve Spreadsheet |
| RISING_SP_0000002 | PX 1730 | 02/14/19 | Flucytosine Timeline Spreadsheet |
| RISING_SP_0000003 | PX 1731 | 02/14/19 | Flucytosine Timeline Spreadsheet |
| RISING_SP_00000089 | PX 1737 | 12/22/19 | Flucytosine CM Requests Spreadsheet |

The Court has reviewed these documents on the flash drive provided by Plaintiffs, as these documents were not submitted in hard copy in Plaintiffs' trial binders. On the flash drive, the

---

[8] Sigmapharm Br., at 4, Dkt. No. 119.
[9] Sigmapharm Reply, at 2, Dkt. No. 130. Sigmapharm's reply inexplicably switches to a discussion of the Audit Packages, subject to the companion motion, to explain why the Court should exclude the Spreadsheets. Sigmapharm Reply, at 2, Dkt. No. 130.

detail for each of the seven (7) entries includes a modification date not shown on the table above. Eugene Hughes, Senior Vice President of Finance for Rising Pharmaceuticals, Inc. from June 12, 2017 to April 19, 2019, is listed as the author of four (4) of the seven (7) documents.[10]

Plaintiffs object to the Motion on various procedural, substantive and factual grounds:

(i) that there is no legal principle that requires the exclusion of any and all documents created after a litigation commences;

(ii) that the Controls Document and Spreadsheets are not subject to exclusion under any Rule of Evidence;

(iii) that Sigmapharm has not produced for the Court's review a single document that Sigmapharm seeks to exclude;

(iv) that Sigmapharm has violated its own, overbroad principle that documents prepared after the commencement of litigation must be excluded as evidence, as Sigmapharm's own Trial Exhibit List (produced by Plaintiffs as an Exhibit) contains over 100 documents dated post-litigation;[11] and

(v) that the Controls Document identified by Sigmapharm as RISING_SP_00068638 was created by Rising's outside auditors, BDO USA LLP, and not by Rising and falls outside the family of documents that "Rising-Aceto Created Post Litigation," quoting Sigmapharm's Form Order.[12]

## IV.    LEGAL STANDARDS AND ANALYSIS

A motion *in limine*, filed before the trial:

requests that the Court "prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." . . . The purpose of a motion in limine is to bar "irrelevant, inadmissible, and prejudicial" issues from being introduced at trial, thus "narrow[ing] the evidentiary issues for trial[.]" Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds. . . . The movant bears the burden of demonstrating that the evidence is inadmissable <u>on any relevant ground, and the court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. . . . Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context.</u>

---

[10] May 5, 2021 Decl. of Eugene Hughes ¶ 1, Dkt. No. 52 (for Mr. Hughes's corporate status).
[11] Pls.' Obj. ¶ 2; Sigmapharm's Trial Exhibit List, Ex. A, Dkt. No. 126.
[12] Pls.' Obj. ¶ 8, Dkt. No. 126.

*Leonard v. Stemtech Health Sciences, Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (emphasis supplied) (internal citations omitted). The Third Circuit in *Bradley v. Pittsburgh Bd. of Ed.*, 913 F.2d 1064, 1069 (3d Cir. 1990) distinguished an *in limine* motion from a summary judgment motion:

> Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.

*Bradley*, 913 F.2d at 1069. In *In re Depomed Pat. Litig.*, 2016 WL 743374, at *1-*2 (D.N.J. Feb. 22, 2016), the Court denied motions *in limine* to exclude evidence regarding the fundamentals of the contested patent, as movant's demands effectively asked the Court both to weigh evidence and to draw conclusions of law (not merely to exclude evidence), and the Court could and should address those demands at the bench trial, where "there is no risk of inadmissible evidence improperly influencing a jury." *In re Depomed*, 2016 WL 743374, at *2.

In the instant Motion, Sigmapharm seeks to preclude Plaintiffs from introducing at trial the Controls Document and the Spreadsheets on the grounds that they were created post-litigation and are hearsay not subject to any exception under Fed. R. Evid. 803. Plaintiffs argue that the Motion is procedurally defective (for failure to identify adequately the Controls Document and Spreadsheets that Sigmapharm seeks to exclude); that the Motion is premature (as admissibility of the Controls Document and Spreadsheets should be subject to examination of witnesses at trial); and that the Controls Document and Spreadsheets are admissible in any event under the business records exception to hearsay, Fed. R. Evid. 803(6). The following summary of the relevant Federal Rules of Evidence leads to the business records exception.

Fed. R. Evid. 402 ("General Admissibility of Relevant Evidence") states in full:

> Relevant evidence is admissible unless any of the following provides otherwise:
>
> • the United States Constitution;
> • a federal statute;
> • these rules; or

6

- other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

Fed. R. Evid. 401 ("Test for Relevant Evidence") also states in full:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 403 ("Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons") authorizes the court to exclude relevant evidence from consideration:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. Plaintiffs have consistently argued throughout these *in limine* motions that Fed. R. Evid. 403 "does not apply to bench trials because there are no concerns about unfairly prejudicing a party."[13] That is somewhat of an overstatement of the holdings of majority of cases that Plaintiffs cite. *Apex Fin. Options, LLC v. Gilbertson*, 2022 WL 622130, at *1 (D. Del. Mar. 3, 2022) ("Courts in this district have consistently exercised restraint in applying Rule 403 in a bench trial 'because the Court is capable of assessing the probative value of the [evidence] and excluding any arguably improper inferences'"); *UHS of Del., Inc. v. United Health Servs., Inc.*, 2017 WL 1928340, at *1 (M.D. Pa. May 10, 2017) ("in the bench trial context, Rule 403 is generally inapplicable, because a judge is unlikely to be misled or confused by legal or factual nuance and is able to objectively assess probative value and reject any improper inference"); *Suter v. General Acc. Ins. Co. of Am.*, 424 F. Supp. 2d 781, 790 (D.N.J. Mar. 30, 2006) ("in the context of a bench trial, evidence should not be excluded under Rule 403 on the grounds that it is unfairly

---

[13] Pls.' Obj. ¶ 4, Dkt. No. 126.

prejudicial, because the Court is capable of assessing the probative value of the article and excluding any arguably improper inferences") (internal citations omitted).

Fed. R. Evid. 801 ("Definitions That Apply to This Article; Exclusions from Hearsay") defines hearsay at subsection (c)(1) and (2) as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 802 ("The Rule Against Hearsay") provides that hearsay is never admissible unless a federal statute; the Rules of Evidence; or other Supreme Court Rules apply. Fed. R. Evid. 803 ("Exceptions to the Rule Against Hearsay—Regardless of Whether the Declarant is Available as a Witness") describes the "business records" exception to hearsay at subsection 803(6):

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> . . .
>
> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
>
> > (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> >
> > (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> >
> > (C) making the record was a regular practice of that activity;
> >
> > (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12)[14] or with a statute permitting certification; and
> >
> > (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Sigmapharm argues that the Controls Document and Spreadsheets are not "business records" subject to the protection of Fed. R. Evid. 803(6) because they were created for the purpose

---

[14] Fed. R. Evid. 902 ("Evidence That Is Self-authenticating") at (11) and (12) addresses "Certified Domestic [and Foreign] Records of Regularly Conducted Activity."

8

of litigation.[15] A document prepared for litigation may be deemed to lack "trustworthiness" and "many of the normal checks upon . . . accuracy" that accompany a business record. *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984) (a special audit report ordered by a trust fund trustee, who suspected irregularity, was not a business record made in the ordinary course and was not admissible under the Fed. R. Evid. 803(6) exception to hearsay); *In re Hechinger Liquid. Trust*, 298 B.R. 240, 242-43 (Bankr. D. Del. 2003) (a "transaction detail report" generated by a third party for use by defendant in a bankruptcy avoidance action was not protected by the Fed. R. Evid. 803(6) business records exception to hearsay because there was no evidence that the report was made in the ordinary course of business by the third-party creator). At the same time (as Plaintiffs note), a business record is not barred from admission simply because it was created after litigation commenced (although the Court should decide what weight to give such a record). *See Fed. Trade Comm'n v. Hackensack Meridian Health, Inc.*, 2021 WL 4145062, at *23 (D.N.J. Aug. 4, 2021), *aff'd*, 30 F.4th 160 (3d Cir. 2022); *United States v. Onyenso*, 2013 WL 5322686, at *2 (D.N.J. Sept. 20, 2013) ("the mere existence of pending litigation or an alternative motive does not require a blanket ban on legitimate business records").

From the parameters of an *in limine* motion outlined above, Plaintiffs argue that Sigmapharm impermissibly "seeks to preclude an entire class of evidence (*i.e.*, all post-complaint documents created by Plaintiffs)" and that it has not met its heavy burden *in limine* to show that the proffered evidence "is clearly inadmissible on all potential grounds." *Mastripolito v. Jefferson Health-N.J.*, 583 F. Supp. 3d 622, 625 (D.N.J. 2022).[16] Plaintiffs' argument may overstate the relief that Sigmapharm requests. Although the Notice of Motion makes that broad demand, the Form Order ("evidence of spreadsheets created or edited after March 23, 2018") and the text of the Motion (Controls Documents and seven (7) Spreadsheets) are more narrow.[17]

---

[15] Sigmapharm Br., at 2, Dkt. No. 119.
[16] Pls.' Obj. ¶ 7, Dkt. No. 126.
[17] Sigmapharm Form Order, Dkt. No. 119-1; Sigmapharm Br., at 3, Dkt. No. 119.

In the instant Motion, Sigmapharm has failed to reach the initial threshold of adequately identifying and producing the Control Documents and the Spreadsheets, describing precisely when, how and by whom they were produced. The Court located and reviewed the specifically identified documents and, on the information provided, cannot determine whether these documents should be excluded as hearsay or are admissible as business records under Fed. R. Evid. 803(6) or under another applicable rule. The evidently technical nature of the Spreadsheets makes them amenable to testing at trial through the examination and cross-examination of the appropriate witnesses, after which the Court can rule on their admissibility and weight. *See, e.g.*, *Depomed Pat. Litig.*, *supra*, 2016 WL 743374, at *1-*2. Additionally, Plaintiffs claim that the Controls Document cited by Sigmapharm was created by BDO, so that it does not fall within the general category of documents Sigmapharm seeks to exclude as it was not created by Debtors. Thus, Sigmapharm's Motion can be denied on these grounds alone.

This Court further determines that, in any event, there is no blanket rule that precludes the use of documents created post-litigation. *See Fed. Trade Comm'n v. Hackensack Meridian Health, Inc.*, 2021 WL 4145062, at *23 (D.N.J. Aug. 4, 2021), *aff'd*, 30 F.4th 160 (3d Cir. 2022) (a business record is not barred from admission simply because it was created after litigation commenced, although the Court should decide what weight to give such a record); *United States v. Onyenso*, 2013 WL 5322686, at *2 (D.N.J. Sept. 20, 2013) ("the mere existence of pending litigation or an alternative motive does not require a blanket ban on legitimate business records"). Any such rule would pre-emptively and inappropriately preclude a party from seeking to admit a document into evidence by simply commencing a lawsuit. That result would be particularly unfair in this case, where the Court has found that Sigmapharm improperly terminated the Agreement on March 23, 2018 and started litigation against Plaintiffs that same day. Further, as is noted by Plaintiffs, Sigmapharm has included with its potential Trial Exhibits over 100 documents dated after the commencement of this litigation, thus undercutting its argument that all such documents

are inadmissible and untrustworthy and further demonstrating the potential unfairness and impracticality of such a rule. Finally, Plaintiffs claim that the Spreadsheets were created and maintained by Plaintiffs in the ordinary course of their business, an argument that Sigmapharm vigorously disputes. As noted above, that dispute is more properly resolved at trial, particularly in a non-jury case such as this one, where the Court finds that it requires a full evidentiary record to determine whether the Spreadsheets and the electronic records on which they are based (according to Plaintiffs) are admissible as business records or otherwise.

V.    CONCLUSION

For the foregoing reason, Sigmapharm's Motion *in limine* to exclude the Controls Document and the Spreadsheets is **DENIED**, without prejudice to Sigmapharm's right to seek to exclude these documents during trial.

A conforming Order is being entered contemporaneously with this Opinion.

Dated: November 22, 2022

*Vincent F. Papalia*
VINCENT F. PAPALIA
Unites States Bankruptcy Judge