**FILED**
Jeanne A. Naughton, CLERK
**NOVEMBER 22, 2022**
United States Bankruptcy Court
Newark, NJ
By: *Juan Filgueiras, Deputy*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re<br><br>TRI HARBOR HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtor. | Case No.:    19-13448 (VFP)<br><br>Chapter:    11 |
| KAVOD PHARMACEUTICALS LLC (*f/k/a* RISING PHARMACEUTICALS, LLC, *f/k/a* RISING PHARMACEUTICALS, INC.) and TRI HARBOR HOLDINGS CORPORATION (*f/k/a* ACETO CORPORATION),<br><br>Plaintiffs,<br><br>v.<br><br>SIGMAPHARM LABORATORIES, LLC,<br><br>Defendant. | Adv. Pro. No.: 19-2053 (VFP)<br><br>Judge Vincent F. Papalia |

**MEMORANDUM OPINION DENYING WITHOUT PREJUDICE PLAINTIFFS *IN LIMINE* MOTION TO EXCLUDE VIDEO RECORDING OF DEPOSITION OF LAUREEN M. RYAN**

| | |
|---|---|
| **LOWENSTEIN SANDLER LLP**<br>**Attorneys for Plaintiffs, Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) and Tri Harbor Holdings Corporation (*f/k/a* Aceto Corporation)**<br>Reynold Lambert, Esq.<br>Wojciech F. Jung, Esq.<br>Gavin J. Rooney, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068 | **ELLIOTT GREENLEAF, P.C.**<br>**Attorneys for Defendant,**<br>**Sigmapharm Laboratories, LLC**<br>Henry F. Siedzikowski, Esq.<br>Andrew Estepani, Esq.<br>Timothy Myers, Esq.<br>Elliott Greenleaf, P.C.<br>925 Harvest Drive, Ste. 300<br>Blue Bell, PA 19422 |

---

[1] The Liquidating Debtors in the chapter 11 cases and the last four digits of each Liquidating Debtor's taxpayer identification number are as follows: Tri Harbor Holdings Corporation (f/k/a Aceto Corporation) (0520); Tri Harbor Chemical Holdings LLC (f/k/a Aceto Agricultural Chemicals LLC, f/k/a Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (f/k/a Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (f/k/a Rising Pharmaceuticals, LLC, f/k/a Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (f/k/a Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (f/k/a PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

**HONORABLE VINCENT F. PAPALIA**
**United States Bankruptcy Judge**

### I.      INTRODUCTION

This matter comes before the Court on the motion (the "Motion") filed *in limine* by the plaintiffs, which are two of the nine jointly administered Debtor-entities, Kavod Pharmaceuticals LLC, f/k/a Rising Pharmaceuticals, LLC f/k/a Rising Pharmaceuticals, Inc. ("Rising"), and Tri Harbor Holdings Corp., f/k/a Aceto Corporation ("Aceto") (collectively, the "Plaintiffs") to exclude from use at trial or any related hearing the video recording of the deposition of Plaintiffs' financial expert, Ms. Laureen M. Ryan, conducted on March 11, 2022 by defendant Sigmapharm Laboratories, LLC ("Sigmapharm"). Sigmapharm has filed an objection to the Motion, and the Plaintiffs, a reply.[2]

### II.      JURISDICTIONAL STATEMENT

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Orders of Reference entered by the United States District Court on July 10, 1984 and amended on September 18, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) [claims allowance] and (O). In addition, a Bankruptcy Court has "jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v.* Bailey, 557 U.S. 137, 151 (2009) (in that case, a Confirmation Order entered ten (10) years earlier). Venue is proper in this Court under 28 U.S.C. § 1408. The court issues the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

---

[2] The Motion, objection and reply were filed in compliance with the July 22, 2022 Sixth Supplemental JSO, Dkt. No. 111.

### III. STATEMENT OF RELEVANT FACTS AND PROCEDURE

The Plaintiffs filed this adversary proceeding on July 18, 2019 to liquidate the claims of Sigmapharm under a June 22, 2006 *Master Product Development and Collaboration Agreement* (the "Agreement") for producing, marketing and sharing profits from the sale of pharmaceuticals. The Court limited the scope of the issues between the parties in an October 5, 2021 Opinion that granted in part and denied in part the parties' separate motions for summary judgment. *Kavod Pharmaceuticals LLC v. Sigmapharm Labs., LLC (In re Tri Harbor Holdings Corp.)*, 2021 WL 4877265 (Bankr. D.N.J. Oct. 5, 2021) (the "Opinion").[3] The Adversary Proceeding is subject to a July 22, 2022 Sixth Supplemental Joint Scheduling Order, under which the Court will hold a scheduling conference imminently in order to schedule trial dates.[4]

A. The Deposition Notices for Corporate Representatives and for Forensic Experts

In their submissions on this Motion, the parties' Counsel concur that their informal email exchange of March 1-2, 2022, described in detail below, was adequate to schedule the depositions of their forensic experts, Ms. Laureen M. Ryan ("Ms. Ryan") for Plaintiffs and Mr. Gregory H. Cowhey ("Mr. Cowhey") for Sigmapharm, under Fed. R. Civ. P. 30(b)(1).[5] The parties dispute whether Sigmapharm, in that email exchange, gave Plaintiffs' adequate notice under Fed. R. Civ. P. 30(b)(3)(A) of the method by which Sigmapharm intended to record Ms. Ryan's deposition.

Earlier in the Adversary Proceeding, on June 30, 2020, the parties exchanged formal Notices of Deposition of each other's corporate representative under Fed. R. Civ. P. 30(b)(6)

---

[3] The Court signed the Opinion on October 5, 2021 and the accompanying Order on October 6, 2021 but deferred docketing them until October 18, 2021 to give the parties the opportunity to seek redaction of references to evidentiary material that they filed under seal. Neither party requested any redaction.
[4] July 22, 2022 JSO, Dkt. No. 111.
[5] Mr. Cowhey was ultimately deposed on March 10, 2022, one day before Ms. Ryan. Apr. 26, 2022 Decl. of Reynold Lambert, Esq., Mar. 10, 2022 Cowhey Dep., Ex. H, Dkt. No. 99-2. The parties' submissions did not indicate whether Mr. Cowhey's deposition was video recorded. However, at oral argument and in response to the Court's inquiry, the parties confirmed that it was not.

("Notice or Subpoena Directed to an Organization"). Sigmapharm's June 30, 2020 Notice of Deposition of Plaintiffs' corporate representative stated in most relevant part:

> Rising/Aceto shall each designate under Rule 7030 one or more persons to testify on their behalf regarding the matters pleaded in the pleadings of record in this case, and the topics attached hereto as Exhibit A.
>
> The deposition will be conducted before a notary public or some other officer authorized to administer oaths and **will be recorded by audiovisual and stenographic means**. The deposition will continue day to day until complete. You are invited to attend and participate in the deposition if you so desire (emphasis supplied).[6]

Plaintiffs' June 30, 2020 Notice of Deposition of Sigmapharm's corporate representative similarly stated in most relevant part:

> PLEASE TAKE NOTICE that, pursuant to paragraph 6 of the Supplemental Joint Order Scheduling Pretrial Proceedings and Trial (ECF No. 11), and Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Plaintiffs . . . by and through their undersigned counsel, will take testimony upon oral examination of Defendant Sigmapharm Laboratories LLC ("Sigmapharm") . . . .
>
> PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Sigmapharm must designate one or more officers, directors, agents, or other persons who will testify on its behalf as to all information known or reasonably available to Sigmapharm regarding the subject matters listed in Exhibit A. The deposition shall commence before a notary public or other officer duly authorized to administer oaths, **shall be recorded by stenographic means and videotaped**, and shall continue from day to day until completed. The deposition will be used for discovery purposes and may be introduced as evidence in the trial of this action. You are invited to attend and cross-examine (emphasis supplied).[7]

Sigmapharm's Counsel observes that formal Notices of Deposition were appropriate for the corporate representatives because it was necessary for the deposing party to identify the area of inquiry in advance of testimony.[8] Sigmapharm's December 18, 2020 deposition of Eugene

---

[6] Sigmapharm Obj., Sigmapharm June 30, 2020 Notice of Dep., Ex. 2, Dkt. No. 124. For convenience, references to Exhibits are to those in the Sigmapharm Objection (which contained some more elements than did those supplied by Plaintiffs).
[7] Sigmapharm Obj., Pls.' June 30, 2020 Notice of Dep., Ex. 3, Dkt. No. 124.
[8] Sigmapharm Obj., at 5, Dkt. No. 124.

4

Hughes, representative of Plaintiff Aceto Corporation, was recorded by a videographer and by a court reporter, both of whom worked for Magna Legal Services.[9] The record indicates that the deposition of Sigmapharm's corporate designee, Mr. Richard Kremer, was also video recorded.[10]

With respect to the forensic experts, by contrast, Sigmapharm observes that, under Fed. R. Civ. P. 26(b)(4)(A), it was understood that each party planned to depose the other's expert on his or her expert report and that the parties agreed to use an informal notice procedure for those depositions.[11]  Fed. R. Civ. P. 29 (quoted below) allows parties to enter stipulations about discovery procedure.

Under those guidelines, Sigmapharm's Counsel emailed Plaintiffs' Counsel on March 1, 2022:

> I am assuming we were going to do the two expert deps remotely by video conference, <u>the same as we did the 30(b)(6) deps</u> and send up the exhibits for the day before to be opened on video. Am I correct?[12]

On March 2, 2022, Plaintiffs' Counsel responded:

> That works. We <u>should also agree to follow the stipulation in place for the 30(b)(6)</u> depositions, which I attach here. Please advise.
>
> <u>Are you going to use the same reporting service (Magna)</u>? If so, I'd like to set up a prep session about its remote platform, so please share a contact when you have one. I will do the same.[13]

On March 2, 2022, Sigmapharm's Counsel responded "Yes to the stipulation," and Plaintiffs' Counsel responded, "Thanks."[14]  Plaintiffs' Counsel confirmed to Sigmapharm's Counsel in a March 8, 2022 Email, "We are going to use Magna for Mr. Cowhey's deposition on Thursday [March 10, 2022]."[15]  The "stipulation in place for the 30(b)(6) depositions" (the "Designee

---

[9] Sigmapharm Obj., Dec. 18, 2020 Hughes Dep. Tr. 8:1-14, Ex. 4, Dkt. No. 124.
[10] Sigmapharm Obj., at 2; Aug. 10, 2022 Email, Ex. 8, Dkt. No. 124.
[11] Sigmapharm Obj., at 5, Dkt. No. 124.
[12] Sigmapharm Obj., Mar. 1, 2022 Email, Ex. 5, Dkt. No. 124.
[13] Sigmapharm Obj., Mar. 1, 2022 Email, Ex. 5, Dkt. No. 124.
[14] Sigmapharm Obj., Mar. 2, 2022 Email, Ex. 5, Dkt. No. 124.
[15] Sigmapharm Obj., Mar. 8, 2022 Email, Ex. 7, Dkt. No. 124.

5

Stipulation") was not attached to the original submissions of either party. The Designee Stipulation was subsequently requested by the Court, and a copy was provided and filed at Docket No. 137. The Designee Stipulation does not directly address expert depositions (as it related, at least initially, only to the 30(b)(6) designees), but it does indicate that Sigmapharm will be using the Magna recording service "for the video deposition of your designee(s)."[16]

At the start of Ms. Ryan's March 11, 2022 deposition, the videographer from Magna Legal Services announced the opening of the record and asked the court reporter to swear in Ms. Ryan; Sigmapharm's Counsel then entered his appearance.[17] Immediately after Plaintiffs' Counsel entered his appearance, he commented on the video recording and reserved his rights as to whether the video recording was properly noticed:

> MR. LAMBERT: Yes, good morning.
>
> Rey Lambert of Lowenstein Sandler on behalf of plaintiffs. I don't know if we were on the record before, but I'll just note that it appears that there's a videographer. From our perspective or to my knowledge, it was not noticed under the federal rules. We're not going to stop the video, but we'll preserve our rights in that regard.
>
> Thank you.
>
> MR. SIEDZIKOWSKI: All right.[18]

Neither party indicates in this Motion that any party raised the issue of video recording again during the deposition.

On August 10, 2022, Plaintiffs' Counsel sought Sigmapharm's consent not to use the video recording of Ms. Ryan's March 11, 2022 deposition and addressed the following email to Sigmapharm's Counsel:

> As you may recall, we objected to the video recording of Ms. Ryan's deposition on grounds that the requisite notice was not provided under Rule 30. Please let us know

---

[16] Nov. 4, 2020 Email from Tim Myers to Reynold Lambert at 1, Dkt. No. 137-1.
[17] Sigmapharm Obj., Mar. 11, 2022 Dep. Tr. 9:1-10:3, Ex. 6, Dkt. No. 124.
[18] Sigmapharm Obj., Mar. 11, 2022 Dep. Tr. 10:6-19, Ex. 6, Dkt. No. 124.

>if you will agree to <u>not</u> use the video recording at any hearing or the trial. I don't want to file an in limine motion if you do not intend to use the recording. To be clear, I'm talking only about the video recording and not the transcript (emphasis in original).[19]

Sigmapharm's Counsel responded at length in an August 10, 2022 email quoted almost in

full below:

>We cannot agree in advance of the trial to exclude Ms. Ryan's video deposition. We just do not know what may come up at a trial that may require it. We have no objection if you reserve your right to object to use of Ms. Ryan's video deposition at trial, which I also do not think is necessary since you also do not know if we will use it or under what circumstance that may be.
>
>However, I take exception to your statement that you object "that the requisite notice was not provided under Rule 30." There is no requirement in Fed.R.Civ.P. 30 that a formal written notice be issued, as if it were a stand-alone document that would be filed in Court. It merely refers to advance notice. As you know, the depositions of the experts were scheduled by several exchanges of emails that complied with Rule 30. You participated in that practice, and noticed Gregory Cowhey's deposition under that same email notice practice. On March 2, in the attached email exchange, Henry Siedzikowski [Sigmapharm's Counsel] provided you with clear notice that we intended to video the deposition and you clearly agreed. Mr. Siedzikowski's email stated:
>
>[The writer quoted the March 1-2 email exchange quoted above.][20]
>
>After this email exchange, and before, there were several other emails concerning these depositions. **You also video-taped Sigmapharm's corporate designee, as we did of your designee**.[21] At no time did you ever object to video. Although at the start of Ms. Ryan's deposition you suddenly stated that you had not agreed to a video of her, you also insisted that the deposition move forward as scheduled. If you wanted to adjourn or delay the deposition so that we could issue a formal notice that would satisfy your purported lack of video notice, you should have requested it right then and there. Obviously, Ms. Ryan and you knew way in advance that the deposition was being conducted remotely and therefore required cameras and microphones. In fact, as quoted in the March 2, 2022 email exchange, you knew full well we intended to video it (emphasis supplied).
>
>[The writer urged Debtor's Counsel not to file an in limine motion on this issue.]

---

[19] Sigmapharm Obj., Aug. 10, 2022 Email, Ex. 8, Dkt. No. 124.
[20] Sigmapharm's quotation of the March 1-2, 2022 email exchange includes lines from Plaintiffs' Counsel (omitted above) that requested publication information for Mr. Cowhey and sought to establish in what offices parties in interest would be present for the depositions. Sigmapharm Obj., Mar. 1-2, 2022 Email exchange, Ex. 5, Dkt. No. 124.
[21] As was noted above, each party's June 30, 2020 Notice of Deposition of corporate representative contained the explicit statement that the deposition would be recorded by stenographic and videographic means.

7

> If you believe that you have incurred some kind of prejudice, please identify it now.[22]

There is no indication of any further correspondence in these regards after Sigmapharm's August 10, 2022 email.[23]  Plaintiffs filed the instant Motion on August 12, 2022, which was the filing deadline for *in limine* motions established by the July 22, 2022 Sixth Supplemental Joint Scheduling Order.[24]

## IV.     ARGUMENTS OF PARTIES

Plaintiffs filed this Motion over the letter-brief of Counsel (and certain Exhibits quoted above) to ask the Court to bar Sigmapharm's use of the video recording of Ms. Ryan's March 11, 2022 deposition at trial on the grounds:

> (i)    that Sigmapharm did not give Plaintiffs adequate advance notice of the **method** of recording consistently with Fed. R. Civ. P. 30(b)(3)(A) and (B); and
>
> (ii)   that Counsels' email exchange on March 1-2, 2022 did not constitute Plaintiffs' consent to video recording.[25]

Sigmapharm objected on the grounds:

> (i)    that there is no requirement under Fed. R. Civ. P. 26(b)(4)(A), 29 ("Stipulations About Discovery Procedure"), or Fed. R. Civ. P. 30 that a deposition notice be a formal, standalone document; a deposition may be scheduled and stipulated by email;[26]
>
> (ii)   that Plaintiffs did consent in the March 1-2, 2022 email exchange to using the same deposition and recording format that they had used for the prior corporate representative depositions; and
>
> (iii)  that Plaintiffs' objection is premature and can be raised at trial, in the event that Ms. Ryan passes the challenge under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993) but is unavailable to testify in trial, the only scenario in which Sigmapharm can foresee resorting to the video recording;

---

[22] Sigmapharm Obj., Aug. 10, 2022 Email, Ex. 8, Dkt. No. 124.
[23] Sigmapharm Br., at 8, Dkt. No. 124.
[24] July 22, 2022 Sixth Supplemental JSO, Dkt. No. 111.
[25] Pls.' Br., at 1, Dkt. No. 115.
[26] Sigmapharm Br., at 5, Dkt. No. 124.

> Sigmapharm would otherwise expect to cross-examine Ms. Ryan from the written transcript.[27]

Plaintiffs assert on reply:

> (i) that Sigmapharm has conflated the **means** of taking the deposition (in person or remote), as allowed in Fed. R. Civ. P. 30(b)(4) with the **method** of recording ("audio, audiovisual, or stenographic"), as allowed in Fed. R. Civ. P. 30(b)(3);[28]
>
> (ii) that the Stipulation (referenced by Plaintiffs on March 2, 2022 but not initially provided by either party) merely addressed pandemic protocols and does not cure Sigmapharm's omission of proper notice of recording method; and
>
> (iii) that the Motion is not premature, and that it is unfair to leave Plaintiffs guessing until trial whether they will be confronted with the video recording of Ms. Ryan's March 11, 2022 deposition.[29]

## V. LEGAL STANDARDS AND ANALYSIS

A. <u>Relevant Federal Rules of Civil Procedure</u>

Fed. R. Civ. P. 26 ("Duty to Disclose; General Provisions Governing Discovery"), which is fully incorporated into Fed. R. Bankr. P. 7026, states in most relevant part at Rule 26(b)(4)(A):

> (4) *Trial Preparation: Experts*.
>
> (A) *Deposition of an Expert Who May Testify*. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert,[30] the deposition may be conducted only after the report is provided.

Fed. R. Civ. P. 29 ("Stipulations About Discovery Procedure"), which is fully incorporated into Fed. R. Bankr. P. 7029, states in relevant part:

> Unless the court orders otherwise, the parties may stipulate that:
>
> (a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified--in which event it may be used in the same way as any other deposition.

---

[27] Sigmapharm Br., at 8, Dkt. No. 124.
[28] Pls.' Reply, at 1, Dkt. No. 132.
[29] Pls.' Reply, at 2, Dkt. No. 132.
[30] Fed. R. Civ. P. 26(b)(2)(B) requires a report from experts "retained or specially employed to provide expert testimony in the case," as Ms. Ryan and Mr. Cowhey were.

9

Fed. R. Civ. P. 30 ("Depositions upon Oral Examination"), which is fully incorporated into Fed. R. Bankr. P. 7030, sets forth at Rule 30(b)(1) the general requirements for noticing a deposition:

> (b) Notice of the Deposition; Other Formal Requirements.
>
> (1) *Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Fed. R. Civ. P. 30(b)(4) provides that the deposition may be taken by remote **means**:

> (4) *By Remote Means.* The parties may stipulate--or the court may on motion order --that a deposition be taken by telephone or other remote means.

Separately, Fed. R. Civ. P. 30(b)(3)(A) and (B) provides for the **method** of recording the deposition:

> (3) *Method of Recording.*
>
> (A) *Method Stated in the Notice.* The party who notices the deposition **must state in the notice the method for recording the testimony**. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.
>
> (B) *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

Fed. R. Civ. P. 30(b)(3)(A) and (B) (emphasis supplied).

B. <u>Analysis</u>

In support of their motion, Plaintiffs rely upon *Garcia v. MAKO Surgical Corp.*, 2014 4206681, at *1 (S.D. Fla. Aug. 25, 2014) and *Woods v. G.B. Cooley Hosp. Serv. Dist.,* 2009 WL 151078, at *1-*2 (W.D. La. Jan. 21, 2009), both of which precluded the use of video recorded testimony that was not properly noticed, without requiring any showing of prejudice. *In Garcia*,

10

a wrongful termination case, counsel for plaintiff-employee sent a deposition notice and two supplementary notices to the employer's CEO; later admitted that the notices failed to indicate that plaintiff sought to video record the deposition; and stated that the omission was just an oversight (as plaintiff's prior notices to other employer-representatives had included such a statement). *Id.* at *1. The deponent did not know that he would be videotaped until he arrived for deposition and saw the recording equipment. *Id.* at *1.

Defendant-employer later moved to strike the video recording of the deposition of the CEO on the grounds that plaintiff had not properly noticed the video recording under Fed. R. Civ. P. 30(b)(3)(A) and (B). *Id.* at *1-*2. Plaintiff argued that the video recording was crucial to its case (as the CEO sat silently for a minute, unable to explain why defendant treated plaintiff differently from other employees, a response that a paper transcript would not capture) and that the employer had shown no prejudice to plaintiff's use of the video recording. *Id.* at *1. In granting defendant-employer's motion to strike the video recording, the Court observed that plaintiff had simply failed to comply with the Rules; that plaintiff had complied on other occasions; and that the reason for plaintiff's omission (whether "inadvertent or . . . nefarious") was immaterial, as the Rules "are designed, in part, to avoid surprise." *Id.* at *3.

*Woods v. G.B. Cooley Hosp. Serv. Dist.*, 2009 WL 151078, *1-*2 (W.D. La. Jan. 21, 2009) (also cited by Plaintiffs) has a unique and anomalous fact pattern. In *Woods*, plaintiff D.B.W., described by the Court as "diagnosed with moderate retardation, attention deficit disorder, and autism," through his mother as curator (who also sued on her own behalf) sued his residential facility and its employee for abuse. *Id.* at *1. The defendant noticed the deposition of D.B.W. and his mother to be transcribed by a court reporter. *Id.* at *1. The defendant entered the place of D.B.W.'s deposition to discover D.B.W.'s counsel unilaterally setting up video recording equipment which counsel's son proposed to operate. Counsel explained that he resorted to video

as he feared D.B.W. might have difficulty expressing himself. *Id*. at *1-*2.[31] Defendant did not consent to the video recording but conducted the deposition and moved *in limine* two months later to strike the video recording. *Id*. at *1. Although defendant moved on multiple other grounds to exclude the video recording, the court granted defendant's motion and struck the video recording purely on the grounds that plaintiffs had not properly noticed the video recording under Fed. R. Civ. P. 30(b)(3)(B). *Woods*, 2009 WL 151078, at *2-*3.

In response, Sigmapharm seeks to distinguish *Garcia* on the ground that no notice of video recording was provided and *Woods* because the informal notice of the video recording was provided just before the start of the video deposition. Sigmapharm also cites to *Coulter v. Paul Laurence Dunbar Community Ctr.*, 2020 WL 13469790, at *1 (W.D. Pa. July 16, 2020), in support of its position. In *Coulter*, plaintiff moved for reconsideration of the Court's denial of her motion to sanction one Timothy Fennel ("Fennel"), who failed to attend a deposition noticed under Fed. R. Civ. P. 45. The sole ground for the denial was plaintiff's failure to prove that she had served her Rule 45 subpoena on Fennel. *Id*. at *1. The court granted the plaintiff's motion for reconsideration, which included plaintiff's proof that the sheriff had timely served the subpoena on Fennel in the first instance. *Id.* at *1. The Court found that the subpoena "was sufficiently specific" to inform Fennel that he was to attend a deposition "by Zoom video conference." *Id*. at *1. However, the *Coulter* decision does not at all discuss the *method* of recording or the adequacy of notice about such recording; those matters simply were not in issue. Sigmapharm implies that the *Coulter* court's comment in footnote, "The subpoena provided Fennel both with Plaintiff's telephone number and her email address if he had any questions about the logistics of his

---

[31] Defendant had deposed D.B.W.'s mother that morning via stenographic transcription and had scheduled D.B.W.'s deposition that afternoon; plaintiffs' counsel did not even alert defendant at the morning session that he planned to video record D.B.W. that afternoon—or at any time since the defendant noticed the deposition(s) one month earlier. *Woods*, 2009 WL 151078, at *1-*2.

deposition," satisfies the deposing party's burden of notice under Fed. R. Civ. P. 30(b)(3)(B). *Coulter*, 2020 WL 13469790, at *1 n.2.[32]

Plaintiffs argue in reply that Sigmapharm cannot require Plaintiffs to show that they were prejudiced by any lack of notice in order to enforce Fed. R. Civ. P. 30(b)(3), citing *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1712-13 (2022) (in which the Supreme Court reiterated that waiver under federal law consists of (i) knowledge of a right; and (ii) action inconsistent with that right but struck down the Eight Circuit's requirement that the party invoking waiver show that it was prejudiced by the other party's inconsistent action in the context of arbitration. *Id.* at 1712). However, in another case, *D'Amico Dry D.A.C. v. Nikka Fin., Inc.*, 2018 WL 5116094, at *2, *3 (S.D. Ala. Oct. 19, 2018), the defendant in an admiralty action moved for a protective order under Fed. R. Civ. P. 26(c) to prevent the videotaping of the deposition of its corporate representative. The movant included a claim of ineffective notice of videotaping under Fed. R. Civ. P. 30(b)(3). *Id.* at *2-*3. The court determined that a supplementary notice under Fed. R. Civ. P. 30(b)(3) provided an effective notice of method; and otherwise denied movant's application under Fed. R. Civ. P. 26(c) (except for prohibiting use of the deposition outside the instant proceeding. *Id*. at *3).

In this case, the Court finds that none of the cases cited by the parties is directly applicable or controlling. *Wood* and *Garcia* are different because there was no prior noticing of the videotaping at all or until just before the deposition. The *Coulter* case did not reach the issue before the Court on this Motion, as noted above, so that case is not controlling or persuasive here.

However, in contrast to *Wood* and *Garcia*, in this case, the Rule 30(b)(6) Notices from both sides clearly stated that the depositions would be videotaped. Further, the email correspondence between the parties, while perhaps less than crystal clear, generally provides that the expert

---

[32] Sigmapharm Obj., at 6-7, Dkt. No. 124.

depositions would be conducted in the same manner (without distinguishing between method and means) as the Rule 30(b)(6) depositions. And it is clear that the depositions of the 30(b)(6) designees were video recorded. Thus, as to the 30(b)(6) witnesses, there was prior notice of the video recording, and those depositions were in fact video recorded. There was also a general but perhaps not complete understanding that the expert depositions would be conducted in the same manner as the 30(b)(6) depositions. That manner, as opposed to any specific means or method, included the video recording. On balance, the Court finds that there was adequate notice that the expert depositions would (or could) be video recorded. Thus, Sigmapharm was acting within its rights in video recording Ms. Ryan's deposition. The fact that Plaintiffs chose not to record Mr. Cowhey's deposition does not alter this determination, as Plaintiffs could have video recorded Mr. Cowhey's deposition, but did not do so.[33]

Further, if Plaintiffs' Counsel had decided not to proceed with the deposition of Ms. Ryan on the basis of the video recording, Sigmapharm could have sent a supplemental notice that eliminated any doubt as to this issue. If a notice did not resolve the objection, Plaintiffs would have had to move to preclude the video recording and provide a valid reason why it should be. While there is no evidence in the record on this point, that would likely have been a difficult burden for Plaintiffs, especially given the fact that the 30(b)(6) depositions were video recorded (and also recognizing that Mr. Cowhey's deposition was not video recorded, but could have been).

Finally, as is noted in Sigmapharm's opposition, Ms. Ryan will be required to testify in-person at trial, as no exceptions under Federal Rules of Civil Procedure apply, at least at this time.[34] As a result, there would likely be no need to use the video recording and Sigmapharm has

---

[33] The Court makes this determination without finding that Plaintiffs were required to show any prejudice.
[34] Sigmapharm Obj. at 8 (Dkt. 124). As is also noted by Sigmapharm, if Ms. Ryan were to unexpectedly become unavailable, the use of the video recording may become a more important and relevant issue. However, that eventuality has not occurred and there is no reason or basis for the Court to prejudge that issue.

stated it would likely use only the written transcript of Ms. Ryan's testimony for cross-examination and impeachment purposes.[35]  As a result, the Motion is, at least at the moment, premature.

### VI.    CONCLUSION

For these reasons, the Court will deny without prejudice Plaintiffs' Motion to exclude the use of the video recording of Ms. Ryan's testimony, subject to Plaintiffs' right to object to the introduction of such video recording under the Federal Rules of Evidence, the Federal Rules of Civil Procedure or other applicable law (except on the ground that the video recording was not properly noticed).  Sigmapharm may seek to introduce at trial or any related hearing the video recording of Ms. Ryan's testimony to the extent permissible under the Federal Rules of Evidence, the Federal Rules of Civil Procedure or other applicable law.  For purposes of clarity, Sigmapharm's right to seek to introduce the written transcript of Ms. Ryan's testimony and Plaintiffs' right to object thereto are expressly preserved (except as to the notice issue).

A conforming Order is being entered contemporaneously with this Opinion.

Date:   November 22, 2022

*Vincent F. Papalia*
VINCENT F. PAPALIA
United States Bankruptcy Judge

---

[35] *Id.*